UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  Case No. 2:15-cr-9-FtM-29DNF

ADAM PARRISH,

18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 1028A
18 U.S.C. § 2
21 U.S.C. § 843(a)(2)

## INFORMATION

The United States Attorney charges:

### Count One
*(Conspiracy to Commit Health Care Fraud - 18 U.S.C. §§ 1347, 1349)*

#### A. Introduction

At all times material to this Information:

##### i. The Co-Conspirators

1. DELMER HOLMES PARRISH was a pharmacist licensed in the State of Florida and was the co-owner and operator of Sunshine Pharmacy, Inc. (SUNSHINE PHARMACY) and Sunshine Solutions Pharmacy, Inc. (SUNSHINE SOLUTIONS PHARMACY), located in Naples, in the Middle District of Florida.

2. PATRICIA PARRISH worked in a billing and management position at SUNSHINE PHARMACY and SUNSHINE SOLUTIONS PHARMACY.

3. ADAM PARRISH, defendant herein, worked in the billing office at SUNSHINE PHARMACY and SUNSHINE SOLUTIONS PHARMACY.

### ii. The Companies

4. SUNSHINE PHARMACY, located at 5482 Rattlesnake Hammock Road, in Naples, in the Middle District of Florida, registered with the State of Florida on or about June 4, 1998. DELMER HOLMES PARRISH was the registered agent and President of SUNSHINE PHARMACY.

5. SUNSHINE SOLUTIONS PHARMACY, located at 5480 Rattlesnake Hammock Road, in Naples, in the Middle District of Florida, registered with the State of Florida on or about August 22, 2007. DELMER HOLMES PARRISH was the registered agent and President of SUNSHINE SOLUTIONS PHARMACY.

6. SUNSHINE PHARMACY received Medicaid Provider number 021438800 on or about July 29, 1999. SUNSHINE SOLUTIONS PHARMACY received Medicaid Provider number 031077800 on or about October 18, 2005.

7. SUNSHINE PHARMACY and SUNSHINE SOLUTIONS PHARMACY occupied, and operated from, the same building with separate entrances in Naples, Florida.

### iii. The Programs

8. The Medicare Program ("Medicare") was a federally funded health care benefit program created by the Social Security Act of 1965 that provided coverage for people of 65 and older and for certain disabled persons (hereinafter "beneficiaries"). The Medicare program was funded through federal tax revenue. The United States Department of Health and Human Services (HHS) was responsible for the administration of the Medicare program. The Centers for Medicare and Medicaid Services (CMS) was

the component agency of HHS that administered and supervised Medicare.

9.   In December 2003, Congress passed the Medicare Prescription Drug, Improvement, and Modernization Act (MMA), amending the Social Security Act by adding Part D under Title XVIII.  The MMA allowed Medicare payments to insurance plans that contract with CMS to provide qualified Part D prescription coverage to Medicare beneficiaries, as described in 42 C.F.R. § 423.401.  The term "Plans" refers to entities that provide Part D benefits (i.e., prescription coverage) to Medicare beneficiaries.

10.   Plans must submit a summary record, called the Prescription Drug Event (PDE) record, to CMS every time a beneficiary fills a prescription covered under Part D.  The PDE record contains prescription drug cost and payment data that enables CMS to make payments to Plans and otherwise administer the Part D benefit.  To receive payment from Medicare when prescriptions are filled, pharmacies submit claims to the Plans.  These claims are submitted electronically to the Plans.  Once these claims are adjudicated, the Plans pay the pharmacies for providing the Part D benefits to qualified Medicare beneficiaries.  The Plans then reconcile with (or seek reimbursement from) CMS through the submission of the PDE records.  Each claim form from a pharmacy requires certain important information, including: (a) the Medicare beneficiary's name and identification number; (b) the identification number of the doctor or other qualified health care provider who ordered the health care benefit, item, or service that was the subject of the claim; (c) the health care benefit, item, or service that was provided or supplied to the beneficiary; (d) the billing codes for the benefit, item, or service; and (e) the date upon which the benefit, item, or service was provided or supplied to the beneficiary.

11.     The Medicaid Program ("Medicaid") is a federally subsidized health care benefit program under Title XIX of the Social Security Act, which pays for medical assistance for certain disabled persons and those with low income and minimal resources (hereinafter "recipients").  The Medicaid program is funded through federal and state tax revenue.  The Florida Agency for Healthcare Administration is responsible for the administration of Medicaid in the state of Florida.

12.     TRICARE is a federal health care benefit program established by Congress and funded through federal funds allocated through the annual Department of Defense Appropriation Acts.  Eligible beneficiaries include current and retired members of all seven branches of the Uniformed Services: Army, Air Force, Navy, Marine Corps, National Oceanic Atmospheric Administration, Coast Guard, and the commissioned corps of the Public Health Service.  TRICARE contracts with Express Scripts, Inc. ("ESI") to manage the TRICARE prescriptions benefit program.  ESI enters into contracts with individual providers, including pharmacies to fill and distribute prescriptions for eligible beneficiaries.

13.     Medicare, Medicaid, and TRICARE each qualify as a federal "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

### B.  The Conspiracy

14.     From at least in or about February, 2009, and continuing through in or about July, 2012, in the Middle District of Florida, and elsewhere,

**ADAM PARRISH,**

defendant herein, did knowingly, intentionally, and willfully combine, conspire,

4

confederate, and agree with Patricia Parrish, Delmer Holmes Parrish, and others both known and unknown to the United States, to commit certain offenses against the United States, that is, to knowingly and willfully execute, and attempt to execute, a scheme and artifice: (a) to defraud health care benefit programs, that is, Medicare, Medicaid, and TRICARE; and (b) to obtain money and property owned by and under the custody and control of health care benefit programs, that is, Medicare, Medicaid, and TRICARE, by means of materially false and fraudulent pretenses, representations, and promises, in connection with payments for health care benefits, items and services, namely drug prescriptions, in violation of Title 18, United States Code, Section § 1347.

### C.   Purpose and Object of the Conspiracy

15.   It was the purpose and object of the conspiracy for the defendant and his coconspirators to unlawfully enrich themselves by defrauding federal health care benefit programs by fraudulently submitting claims for payment for benefits, items and services that were not authorized and had not been rendered and by fraudulently submitting claims for payments for benefits, items and services for deceased beneficiaries and recipients.

### D.   Manner and Means

16.   The manner and means by which the defendant and his coconspirators sought to accomplish the scheme and artifice included, among others, the following:

(a)   It was part of the conspiracy that DELMER PARRISH would and did own and operate SUNSHINE PHARMACY and SUNSHINE SOLUTIONS PHARMACY in Naples, Florida, as facilities that provided prescription medication benefits, items and

services to patients, including beneficiaries and recipients covered by Medicaid, Medicare, and TRICARE.

(b)     It was further part of the scheme and artifice that PATRICIA PARRISH would and did maintain employment and assist in the billing and management of SUNSHINE PHARMACY and SUNSHINE SOLUTIONS PHARMACY and that ADAM PARRISH, defendant herein, would and did maintain employment and assist in the billing of SUNSHINE PHARMACY and SUNSHINE SOLUTIONS PHARMACY.

(c)     It was further part of the scheme and artifice that DELMER PARRISH applied for and maintained Medicare, Medicaid, and TRICARE participant numbers for SUNSHINE PHARMACY and SUNSHINE SOLUTIONS PHARMACY.

(d)     It was further part of the scheme and artifice that ADAM PARRISH, DELMER HOLMES PARRISH, PATRICIA PARRISH, and others known and unknown to the United States, would and did systematically submit and cause to be submitted claims for reimbursement from the Medicaid, Medicare, and TRICARE programs for prescriptions not filled or provided to beneficiaries and recipients, including prescriptions for patients that had not been written or authorized by any duly licensed physician.

(e)     It was further part of the scheme and artifice that ADAM PARRISH, DELMER HOLMES PARRISH, PATRICIA PARRISH, and others known and unknown to the United States, would and did systematically submit and cause to be submitted claims for reimbursement from the Medicaid, Medicare, and TRICARE programs for prescriptions for beneficiaries and recipients who were deceased.

(f)     It was further part of the scheme and artifice that ADAM PARRISH,

6

DELMER HOLMES PARRISH, PATRICIA PARRISH, and others known and unknown to the United States, would and did systematically submit and cause to be submitted claims for reimbursement from the Medicaid, Medicare, and TRICARE programs for prescriptions using the means of identification of individuals who were enrolled in the Medicaid, Medicare, or TRICARE programs without their knowledge or consent.

(g) It was further part of the scheme and artifice that ADAM PARRISH, DELMER HOLMES PARRISH, PATRICIA PARRISH, and others known and unknown to the United States, would and did perform acts and make statements to hide and conceal and to cause to be hidden and concealed the purpose of the scheme to defraud and the acts committed in furtherance thereof.

All in violation of Title 18, United States Code, Section 1349.

### Counts Two through Four
(*Aggravated Identity Theft - 18 U.S.C. §§ 1028A & 2*)

On or about the following dates, in Collier County, in the Middle District of Florida,

**ADAM PARRISH,**

defendant herein, did knowingly use without lawful authority, and aided and abetted others in the use without lawful authority, a means of identification to wit: the name of a federal health care benefit program participant, as detailed below, during and in relation to the felony offense of Health Care Fraud and Conspiracy to Commit Health Care Fraud in violation of Title 18, United States Code, Sections 1347 and 1349, as alleged in Count One of the Information, to wit:

| Count | Patient | Claim Service Date | Listed Physician | Rx Number | Benefit Program |
|---|---|---|---|---|---|
| Two | J.D. | 1/21/12 | Dr. A.D. | 823782 | Medicare |
| Three | R.L. | 6/15/12 | Dr. A.D. | 820228 | Medicaid |
| Four | J.B. | 10/10/11 | Dr. A.D. | 813141 | Medicare |

In violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

### Count Five
(*Improper Use of a DEA Registration Number - 21 U.S.C. § 843(a)(2)*)

On or about March 29, 2013, in Collier County, in the Middle District of Florida,

**ADAM PARRISH,**

defendant herein, knowingly used the DEA registration number issued to another, to wit: Dr. J.H., and the defendant did so for the purpose of acquiring or obtaining a controlled substance from Walgreens Pharmacy.

### Count Six
(*Improper Use of a DEA Registration Number - 21 U.S.C. § 843(a)(2)*)

On or about March 30, 2013, in Collier County, in the Middle District of Florida,

**ADAM PARRISH,**

defendant herein, knowingly used the DEA registration number issued to another, to wit: Dr. J.H., and the defendant did so for the purpose of acquiring or obtaining a controlled substance from CVS Pharmacy.

### Count Seven
*(Improper Use of a DEA Registration Number - 21 U.S.C. § 843(a)(2))*

On or about April 3, 2013, in Collier County, in the Middle District of Florida,

**ADAM PARRISH,**

defendant herein, knowingly used the DEA registration number issued to another, to wit: Dr. J.W., and the defendant did so for the purpose of acquiring or obtaining a controlled substance from Walgreens Pharmacy.

                              A. LEE BENTLEY, III
                              United States Attorney

By: _____
     DAVID G. LAZARUS
     Assistant United States Attorney

By: _____
     JESUS M. CASAS
     Assistant United States Attorney
     Chief, Fort Myers Division